MICHAEL I. BRAVERMAN (2622)
Getz and Braverman, P.C.
172 East 161st Street
Bronx, New York 10451
Telephone: (718)993-3000
Fax: 402-5183
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

J-QUAN  JOHNSON,

Plaintiff,

-against-

THE CITY OF NEW YORK, THE NEW YORK CITY
POLICE DEPARTMENT, POLICE OFFICER DWIGHT
POWELL, SHIELD NUMBER 9038, SGT. VICENTE
PEREZ, SHIELD NUMBER 3173, POLICE OFFICER
EMMANUEL VALERIO, SHIELD NUMBER 20335,
POLICE OFFICER STEVE TIRADO, SHIELD NUMBER
22659, POLICE OFFICER JAMES BURKE, SHIELD
NUMBER 28483, POLICE OFFICER GERARD
STAPLES, SHIELD NUMBER 24526, POLICE
OFFICER ROBERT STAPLETON, SHIELD NUMBER
17814, JOHN DOE NEW YORK CITYPOLICE
OFFICER NUMBER ONE, JOHN DOE NEW YORK
CITY POLICE OFFICER NUMBER TWO, JOHN DOE
NEW YORK CITY POLICE OFFICER NUMBER
THREE, JOHN DOE NEW YORK CITY POLICE
OFFICER NUMEBR FOUR, JOHN DOE NEW YORK
CITY POLICE OFFICER NUMBER FIVE, all "JOHN
DOE" names being fictitious and representing New York
City Police Officers whose actual names remain
unknown to plaintiff,

Defendants.

------------------------------------------------------------------------X

PLAINTIFF DEMANDS A
TRIAL BY JURY

Civil Action No. 15CV6915
(ER)(SN)
**AMENDED COMPLAINT FOR
DAMAGES**-
Assault; Battery;42 U.S.C. §§
1981, 1983, 1985

## I.  PRELIMINARY STATEMENT

1.  This is an action brought under 42 U.S.C. §§ 1981, 1983 and 1985 and raising supplemental state-law claims sounding in intentional infliction of emotional distress, assault and battery, false arrest, false imprisonment, malicious prosecution, regarding the actions of the Defendants.

2.  Due to the defendants' actions and inactions, plaintiff was caused to suffer severe and debilitating physical, emotional, and psychological injuries, and was deprived of rights afforded to him by the constitution and laws of both the United States and the State of New York.

3.  Plaintiff now seeks damages for the substantial pain and suffering, deprivation of his civil rights, emotional distress, and humiliation.

## II.  JURISDICTION AND VENUE

4.  This court has jurisdiction over the subject matter of this complaint under 42 U.S.C. §§ 1981, 1983, 1985, and 28 U.S.C. §§ 1331, 1334(a)(2), 1334(a)(3), 1334(a)(4), and 1367(a).

5.  Venue is laid, pursuant to 28 U.S.C. § 1391(b)(2), in the Southern District of New York where a substantial part of the acts and omissions giving rise to these causes of action occurred, to wit, in the County of New York.

### III.   PARTIES

6.   Plaintiff J-QUAN JOHNSON, twenty-five years of age, was at all times relevant to this complaint a citizen of the United States and a resident of the City of New York in the State of New York.

7.   Defendant CITY OF NEW YORK ("CITY") is a municipal corporation, and political subdivision, of the State of New York, organized and existing through the Constitution and laws of the State of New York.

8.   The New York City Police Department was established and exists through the authority of Chapter 18 of the New York City Charter, and pursuant to said Charter and laws enacted there under, defendant CITY owns, operates, manages, directs, and controls the New York City Police Department, which also employs all JOHN DOE POLICE OFFICERS involved in this case as well as all named defendant Police Officers, SGT. VICENTE PEREZ, SHIELD NUMBER 3173, POLICE OFFICER EMMANUEL VALERIO, SHIELD NUMBER 20335, POLICE OFFICER STEVE TIRADO, SHIELD NUMBER 22659, POLICE OFFICER JAMES BURKE, SHIELD NUMBER 28483, POLICE OFFICER GERARD STAPLES, SHIELD NUMBER 24526, POLICE OFFICER ROBERT STAPLETON, SHIELD NUMBER 17814, POLICE OFFICER GERARD STAPLES.

9.   POLICE OFFICER DWIGHT POWELL, SHIELD NUMBER 9038, is and was at all times relevant to this Complaint an employee of defendant

CITY, duly appointed and acting as a Police Officer with the aforementioned New York City Police Department.  He is sued in his individual capacity.

10.  JOHN DOE NEW YORK CITY POLICE OFFICER NUMBER ONE ("JOHN DOE ONE") is and was at all times relevant to this Complaint an employee of defendant CITY, duly appointed and acting as a Police Officer with the aforementioned New York City Police Department.  He is sued in his individual capacity.

11.  JOHN DOE NEW YORK POLICE OFFICER NUMBER TWO ("JOHN DOE TWO") is and was at all times relevant to this Complaint an employee of defendant CITY, duly appointed and acting as a Police Officer with the aforementioned New York City Police Department.  He is sued in his individual capacity.

12.  JOHN DOE NEW YORK CITY POLICE OFFICER NUMBER THREE("JOHN DOE THREE") is and was at all times relevant to this Complaint an employee of defendant CITY, duly appointed and acting as a Police Officer with the aforementioned New York City Police Department.  He is sued in his individual capacity.

13.  JOHN DOE NEW YORK POLICE OFFICER NUMBER FOUR ("JOHN DOE TWO") is and was at all times relevant to this Complaint an employee of defendant CITY, duly appointed and acting as a Police

Officer with the aforementioned New York City Police Department.  He is
sued in his individual capacity.

14.     JOHN DOE NEW YORK POLICE OFFICER NUMBER FIVE

("JOHN DOE TWO") is and was at all times relevant to this Complaint an

employee of defendant CITY, duly appointed and acting as a Police

Officer with the aforementioned New York City Police Department.  He is

sued in his individual capacity.

15.     SGT. VICENTE PEREZ, SHIELD NUMBER 3173, is and was at all times

relevant to this Complaint an employee of defendant CITY, duly appointed

and acting as a Police Officer with the aforementioned New York City

Police Department.  He is sued in his individual capacity.

16.     POLICE OFFICER EMMANUEL VALERIO, SHIELD NUMBER 20335, is

and was at all times relevant to this Complaint an employee of defendant

CITY, duly appointed and acting as a Police Officer with the

aforementioned New York City Police Department.  He is sued in his

individual capacity.

17.      POLICE OFFICER STEVE TIRADO, SHIELD NUMBER 22659, is and

was at all times relevant to this Complaint an employee of defendant

CITY, duly appointed and acting as a Police Officer with the

aforementioned New York City Police Department.  He is sued in his

individual capacity.

18.      POLICE OFFICER JAMES BURKE, SHIELD NUMBER 28483, is and

was at all times relevant to this Complaint an employee of defendant

CITY, duly appointed and acting as a Police Officer with the aforementioned New York City Police Department.  He is sued in his individual capacity.

19.     POLICE OFFICER GERARD STAPLES, SHIELD NUMBER 24526, is and was at all times relevant to this Complaint an employee of defendant CITY, duly appointed and acting as a Police Officer with the aforementioned New York City Police Department.  He is sued in his individual capacity.

20.     POLICE OFFICER ROBERT STAPLETON, SHIELD NUMBER 17814, is and was at all times relevant to this Complaint an employee of defendant CITY, duly appointed and acting as a Police Officer with the aforementioned New York City Police Department.  He is sued in his individual capacity.

21.     At all times relevant to this Complaint, all defendants acted in concert and conspired together through both their acts and omissions and are jointly and severally liable for the harms caused to plaintiff.

22.     At all times relevant to this Complaint, all defendants were acting under the color of state law, to wit, the statutes, ordinances, regulations, policies, customs, and usages of defendant CITY and of the State of New York.

## IV.   NOTICE OF CLAIM

23.     On September 3, 2014, within ninety days following the occurrence of the incidents complained of in this Complaint, plaintiff filed a written Notice of

Claim with defendant CITY pursuant to General Municipal Law § 50-e. Thirty days since the filing thereof have elapsed without adjustment or payment of plaintiff's claim.

### V.   FACTUAL ALLEGATIONS

24.   On and about June 12, 2014,  J-QUAN JOHNSON, a resident of New York City, was playing basketball when he suffered an injury to his Achilles Tendon. On or about June 12, 2014, Plaintiff underwent a surgical repair of his left Achilles Tendon at New York Presbyterian Hospital.  In August, 2014, Plaintiff was on antibiotic administered through a PICC line and was still ambulating on crutches.

25.   On or about August 31, 2014, Plaintiff's Achilles Tendon was repaired and healing, with stitches in place.  Plaintiff's stitches were to be removed on or about September 4, 2014.

26.   On August 31, 2014, the Plaintiff was residing at 2109 Amsterdam Avenue, New York, New York.  On that date, at approximately 12:00 p.m., a block party was being held on the blocks of Edgecombe Avenue and 164th Street, in the City of New York.  The block party was the annual "Love is Love" gathering on Edgecombe and West 164th Street. During the day, the Plaintiff attended the block party and was mostly sitting in a chair in front of a school locted on West 164th Street.

27.    On August 31, 2014, the Plaintiff was still utilizing crutches, had his left
       Achilles Tendon area bandaged, was wearing a white t-shirt whereby the
       Plaintiff's PICC line was clearly visible on his upper chest area.

28.    During the day of August 31, 2014, there was no New York City Police
       contact between the Plaintiff and any of the Defendants.

29.    At or about 10:00 p.m., Police Officers appeared on 164th Street and began
       to disperse the crowd who were attending the block party.

30.    At or about 10:30 p.m. Police Officers appeared on 164th Street with
       nightsticks and gloves with about 6-8 police vehicles and began dispersing
       the crowd that was attending the block party.

31.    At or about 10:30, the Plaintiff, who was sitting in a chair when the Police
       arrived, got up and began to disperse by walking down the sidewalk
       towards 457 West 164th Street.  The Plaintiff was utilizing his crutches while
       walking down the street.

32.    While walking towards 457 West 164th Street, the Police Officers were
       aggressively pushing persons who were attending the block party.

33.    When the Plaintiff arrived in front of 457 West 164th Street, Defendant,
       Police Officer Dwight Powell, Shield No. 9038, pushed a female and
       another unidentified male.  As a result of pushing the unidentified male, that
       male fell into the Plaintiff.

34.    The Plaintiff asked Police Officer Powell why he was being so aggressive
       with the bystanders, and told Police Officer Powell to be careful because of

his left leg.  Police Officer Powell then told the Plaintiff "I don't give a fuck

about your foot."  Plaintiff responded that he did not care that Police Officer

Powell was a police officer.  At that point, Police Officer Powell slapped the

Plaintiff in the face.

35.   As the Plaintiff was slapped in the face by Police Officer Powell, he started

to stumble backwards, and put up his hands in an attempted to regain his

balance.

36.   At that point five, unidentified John Doe Police Officers as well as Sgt.

Vicente Perez, Shield Number 3173, Police Officer  Emmanuel Valerio,

Shield Number 20335, Police Officer Steve Tirado, Shield Number 22659,

Police Officer James  Burke, Shield Number 28483, Police Officer Gerard

Staples, Shield Number 24526, Police Officer Robert Stapleton, Shield

Number 17814, jumped on top of the Plaintiff and began punching and

kicking the Plaintiff about the head, body, arms and legs.   Some of the

unnamed Police Officers, as well as the above named Police Officers

began using their fists, legs and batons while striking the Plaintiff.  The five

unidentified John Doe Police Officers, as well as Sgt. Vicente Perez, Shield

Number 3173, Police Officer  Emmanuel Valerio, Shield Number 20335,

Police Officer Steve Tirado, Shield Number 22659, Police Officer James

Burke, Shield Number 28483, Police Officer Gerard Staples, Shield Number

24526, Police Officer Robert Stapleton, Shield Number 17814, also began

to kick and punch the Plaintiff in his bandaged left leg, where his Achilles

Tendon had been repaired.  Police Officer Powell was also hitting and punching the Plaintiff about the body, including his legs, arms and torso.

37.    The above unnamed John Doe Police Officers One through Five then threw the Plaintiff to the ground onto his stomach, as well as Sgt. Vicente Perez, Shield Number 3173, Police Officer  Emmanuel Valerio, Shield Number 20335, Police Officer Steve Tirado, Shield Number 22659, Police Officer James  Burke, Shield Number 28483, Police Officer Gerard Staples, Shield Number 24526, Police Officer Robert Stapleton, Shield Number 17814,.  At no time was the Plaintiff resisting arrest nor preventing the unnamed John Doe Police Officers or the above named Police Officers from affecting an arrest of the Plaintiff.

38.    While the Plaintiff was on the ground being handcuffed, one unnamed John Doe Police Officer One stood up, looked around the area and then violently struck the Plaintiff with a metal baton on the Plaintiff's left Achilles Tendon area.  This Police Officer is still unidentified and unnamed.

39.    This unnamed Police Officer's actions are depicted in a video tape that was taken contemporaneously with the action described.

40.    After placing handcuffs upon the Plaintiff, the five unnamed John Doe Officers, and the named officers, Sgt. Vicente Perez, Shield Number 3173, Police Officer  Emmanuel Valerio, Shield Number 20335, Police Officer Steve Tirado, Shield Number 22659, Police Officer James  Burke, Shield Number 28483, Police Officer Gerard Staples, Shield Number 24526,

Police Officer Robert Stapleton, Shield Number 17814, dragged the Plaintiff

through the street approximately for a half of a city block. The actions

described are depicted in a video taken contemporaneously with the actions

described above.

41.    When the Plaintiff was dragged down the block, he was taken to a New

York City Ambulance.  At that time, Plaintiff was punched in the face two

times by one of the unnamed John Doe Police Officers One through Five.

42.    During the course of being beaten by the unnamed John Doe Police

Officers, and the named police officers, Sgt. Vicente Perez, Shield Number

3173, Police Officer  Emmanuel Valerio, Shield Number 20335, Police

Officer Steve Tirado, Shield Number 22659, Police Officer James  Burke,

Shield Number 28483, Police Officer Gerard Staples, Shield Number

24526, Police Officer Robert Stapleton, Shield Number 17814, the

Plaintiff's bandage that was conspicuously wrapped around his left Achilles

Tendon, came off.  Additionally, as a result of being beaten by the unnamed

John Doe Police Officers and Sgt. Vicente Perez, Shield Number 3173,

Police Officer  Emmanuel Valerio, Shield Number 20335, Police Officer

Steve Tirado, Shield Number 22659, Police Officer James  Burke, Shield

Number 28483, Police Officer Gerard Staples, Shield Number 24526,

Police Officer Robert Stapleton, Shield Number 17814, the Plaintiff's PICC

line was pulled from the Plaintiff's chest causing it to be dislodged and

twisted.

43.     The Plaintiff was transported from the scene of the beating to New York Presbyterian Hospital.

44.     Plaintiff was placed under arrest and charged with the crime of Assault in the Second Degree, specifically with an alleged assault upon Police Officer Dwight Powell.

45.     On or about August 3, 2015, all charges against the Plaintiff were dismissed.

46.     As a direct and proximate result of the acts and omissions of defendants, plaintiff sustained severe and permanent injuries including, but not limited to, the following:

     a.     bruising and swelling about the face and body

     b.     re-injuring and aggravation of plaintiff's prior leg wound

     c.      Re-rupturing of the Plaintiff's left Achilles Tendon

     d.     Left Achilles Tendon Wound Dehiscence

     e.     Infection in Plaintiff's Left Achilles Tendon requiring numerous debridement and soft tissue coverage

     f.     Sural nerve based fasciocutaneous flap placement with split thickness skin grafting

     g.     Reconstruction of Plaintiff's Left Achilles Tendon

     h.     Several surgical procedures to fix, repair and debride Plaintiff's  Left Achilles Tendon

  i.  Hospitalization at New York Presbyterian Hospital from August 31, 2014 through October 3, 2014

  j.  Substantial scarring to left Achilles Tendon area

  k.  Substantial scarring to Plaintiff's left arm due to nerve graft

  l.  substantial pain

  m.  discomfort

  n.  fear

  o.  embarrassment

  p.  humiliation

  q.  emotional distress and severe emotional distress

  r.  mental anguish

47.  The actions and omissions of defendants violated the following clearly established and well settled federal rights of plaintiff's under the Fourth and Fourteenth Amendments to the United States Constitution:

  a.  freedom from unreasonable seizure of person

  b.  freedom from the use of excessive, unreasonable, unjustified force against a person

**COUNT ONE (Federal cause of action pursuant to 42 U.S.C. §§ 1981, 1983, 1985 against the individual defendants for violation of plaintiff's Fourth and Fourteenth Amendment rights)**

48.  Paragraphs 1 through 34(b) are each repeated, realleged, and reiterated as if fully set forth herein and are incorporated by reference.

50.    The actions of all named defendants violated plaintiff's rights under the
Fourth and Fourteenth Amendments to the United States Constitution to
be free from the use of excessive and unreasonable force, unreasonable
seizure, and the application of force, applied in a bad faith, maliciously,
and sadistically for the sole purpose of causing harm.

51.    As a direct and proximate result thereof, plaintiff claims damages for the
injuries set forth above.

**COUNT TWO (Federal cause of action pursuant to 42 U.S.C. §§ 1981,
1983, 1985, and Monell v. Dept. Of Soc. Serv., 436 U.S. 658 (1978)
against the municipal defendant)**

52.    Paragraphs 1 through 37 are each repeated, realleged, and reiterated as if
fully set forth herein and are incorporated by reference.

53.    Defendant CITY knew or should have known its employees', agents', or
servants' propensity to engage in illegal and wrongful acts detailed above.

54.    Prior to August 30, 2014, Defendant CITY and NEW YORK CITY POLICE
DEPARTMENT developed and maintained policies and/or customs
exhibiting deliberate indifference to the constitutional rights of persons
incarcerated in the custody of the New York City Police Department, which
policies and/or customs caused the violation of plaintiff's rights.

55.    Based upon information and belief, it was the policy and/or custom of
defendant CITY and the NEW YORK CITY POLICE DEPARTMENT to
improperly or inadequately investigate complaints of people in the custody

of the NEW YORK CITY POLICE DEPARTMENT, and acts of abuse,
excessive force, and misconduct were instead tolerated, encouraged, and
ratified by defendant CITY and the NEW YORK CITY POLICE
DEPARTMENT, including incidents in the past where officials from the
New York City Police Department beat individuals in police custody in
violation of state and federal law; retaliated against persons in police
custody for exercising their right to be free from excessive force of the use
of force and otherwise obstructed and manipulated any investigations
thereto.

56.     These customs and policies regarding the use of such force were, indeed,
pervasive and well known around the Department of Corrections and with
defendant CITY and NEW YORK POLICE DEPARTMENT.

57.     As a result of the above described policies and/or customs, corrections
officers of defendant CITY believed that their actions would not be properly
monitored by supervisory officers and that misconduct would not be
investigated or sanctioned, but, instead, would be tolerated and even
encouraged.

58.     The above policies and/or customs demonstrated a deliberate indifference
on the part of policymakers of defendant CITY to the constitutional rights of
persons within CITY who were detained or in the custody of the New York
City Police Department, and were the cause of violations of plaintiff's rights
alleged herein.

ˇ15ˇ

59.     As a result of the wrongful, deliberately indifferent and illegal acts of

defendant CITY and NEW YORK CITY POLICE DEPARTMENT, plaintiff

claims damages against defendant CITY for the injuries set forth above.

**COUNT THREE (Cause of action for assault against the individual
defendants, POLICE OFFICER DWIGHT POWELL, SHIELD NUMBER
9038, SGT. VICENTE PEREZ, SHIELD NUMBER 3173, POLICE
OFFICER EMMANUEL VALERIO, SHIELD NUMBER 20335, POLICE
OFFICER STEVE TIRADO, SHIELD NUMBER 22659, POLICE OFFICER
JAMES BURKE, SHIELD NUMBER 28483, POLICE OFFICER GERARD
STAPLES, SHIELD NUMBER 24526, POLICE OFFICER ROBERT
STAPLETON, SHIELD NUMBER 17814, JOHN DOE NEW YORK
CITYPOLICE OFFICER NUMBER ONE, JOHN DOE NEW YORK CITY
POLICE OFFICER NUMBER TWO, JOHN DOE NEW YORK CITY
POLICE OFFICER NUMBER THREE, JOHN DOE NEW YORK CITY
POLICE OFFICER NUMBER THREE, JOHN DOE NEW YORK CITY
POLICE OFFICER NUMBER FOUR AND JOHN DOE NEW YORK CITY
POLICE OFFICER NUMBER FIVE**

60.     Paragraphs 1 through 51 are each repeated, realleged, and reiterated as if

fully set forth herein and are incorporated by reference.

51.     Upon threatening the Plaintiff, pushing him to the ground, punching him

about his body and face, hitting him with blunt force objects, hitting him

with a nightstick, striking him with fists and a metal baton, tightening

plaintiff's handcuffs, striking the Plaintiff in a clearly bandaged lower left

Achilles Tendon area, defendants POLICE OFFICER DWIGHT POWELL,

SHIELD NUMBER 9038, SGT. VICENTE PEREZ, SHIELD NUMBER

3173, POLICE OFFICER EMMANUEL VALERIO, SHIELD NUMBER

20335, POLICE OFFICER STEVE TIRADO, SHIELD NUMBER 22659,

POLICE OFFICER JAMES BURKE, SHIELD NUMBER 28483, POLICE

OFFICER GERARD STAPLES, SHIELD NUMBER 24526, POLICE OFFICER ROBERT STAPLETON, SHIELD NUMBER 17814JOHN DOE NEW YORK CITYPOLICE OFFICER NUMBER ONE, JOHN DOE NEW YORK CITY POLICE OFFICER NUMBER TWO, JOHN DOE NEW YORK CITY POLICE OFFICER NUMBER THREE, JOHN DOE NEW YORK CITY POLICE OFFICER NUMEBR FOUR , JOHN DOE NEW YORK CITY POLICE OFFICER NUMBER FIVE, while acting in concert, intentionally made plaintiff fear for his physical well-being and safety and placed him in apprehension of immediate harmful and/or offensive touching.

52.     As a direct and proximate result thereof, plaintiff claims damages for the injuries set forth above.

**COUNT FOUR (Cause of action for battery against the individual defendants, POLICE OFFICER DWIGHT POWELL, SHIELD NUMBER 9038, SGT. VICENTE PEREZ, SHIELD NUMBER 3173, POLICE OFFICER EMMANUEL VALERIO, SHIELD NUMBER 20335, POLICE OFFICER STEVE TIRADO, SHIELD NUMBER 22659, POLICE OFFICER JAMES BURKE, SHIELD NUMBER 28483, POLICE OFFICER GERARD STAPLES, SHIELD NUMBER 24526, POLICE OFFICER ROBERT STAPLETON, SHIELD NUMBER 17814, JOHN DOE NEW YORK CITYPOLICE OFFICER NUMBER ONE, JOHN DOE NEW YORK CITY POLICE OFFICER NUMBER TWO, JOHN DOE NEW YORK CITY POLICE OFFICER NUMBER THREE, JOHN DOE NEW YORK CITY POLICE OFFICER NUMBER FOUR, JOHN DOE NEW YORK CITY POLICE OFFICER NUMBER FIVE**

53.     Paragraphs 1 through 54 are each repeated, realleged, and reiterated as if fully set forth herein and are incorporated by reference.

54.   Upon pushing the Plaintiff to the ground, striking him with fists about the face and body, striking him with blunt force objects including a metal nightstick, punching and striking the Plaintiff in a bandaged area on his left Achilles Tendon area, tightening plaintiff's handcuffs defendants POLICE OFFICER DWIGHT POWELL, SHIELD NUMBER 9038, SGT. VICENTE PEREZ, SHIELD NUMBER 3173, POLICE OFFICER EMMANUEL VALERIO, SHIELD NUMBER 20335, POLICE OFFICER STEVE TIRADO, SHIELD NUMBER 22659, POLICE OFFICER JAMES BURKE, SHIELD NUMBER 28483, POLICE OFFICER GERARD STAPLES, SHIELD NUMBER 24526, POLICE OFFICER ROBERT STAPLETON, SHIELD NUMBER 17814, JOHN DOE NEW YORK CITYPOLICE OFFICER NUMBER ONE, JOHN DOE NEW YORK CITY POLICE OFFICER NUMBER TWO, JOHN DOE NEW YORK CITY POLICE OFFICER NUMBER THREE, JOHN DOE NEW YORK CITY POLICE OFFICER NUMEBR FOUR, JOHN DOE NEW YORK CITY POLICE OFFICER NUMBER FIVE, while acting in concert, touched and otherwise laid hands on plaintiff intentionally subjecting him to harmful and/or offensive conduct.

55.   As a direct and proximate result thereof, plaintiff claims damages for the injuries set forth above.

**OUNT FIVE (Cause of action for intentional infliction of emotional distress against the individual defendants, POLICE OFFICER DWIGHT POWELL, SHIELD NUMBER 9038, SGT. VICENTE PEREZ, SHIELD NUMBER 3173, POLICE OFFICER EMMANUEL VALERIO, SHIELD NUMBER 20335, POLICE OFFICER STEVE TIRADO, SHIELD NUMBER 22659, POLICE OFFICER JAMES BURKE, SHIELD NUMBER 28483, POLICE OFFICER GERARD STAPLES, SHIELD NUMBER 24526, POLICE OFFICER ROBERT STAPLETON, SHIELD NUMBER 17814, JOHN DOE NEW YORK CITYPOLICE OFFICER NUMBER ONE, JOHN DOE NEW YORK CITY POLICE OFFICER NUMBER TWO, JOHN DOE NEW YORK CITY POLICE OFFICER NUMBER THREE, JOHN DOE NEW YORK CITY POLICE OFFICER NUMEBR FOUR, JOHN DOE NEW YORK CITY POLICE OFFICER NUMBER FIVE**

56.    Paragraphs 1 through 57 are each repeated, realleged, and reiterated as if set forth fully and are incorporated herein by reference.

57.    Upon threatening plaintiff, striking plaintiff about the face and body with fists and batons, tightening plaintiff's handcuffs, and intentionally striking the Plaintiff in a clearly bandaged area of his left Achilles Tendon, defendants POLICE OFFICER DWIGHT POWELL, SHIELD NUMBER 9038, SGT. VICENTE PEREZ, SHIELD NUMBER 3173, POLICE OFFICER EMMANUEL VALERIO, SHIELD NUMBER 20335, POLICE OFFICER STEVE TIRADO, SHIELD NUMBER 22659, POLICE OFFICER JAMES BURKE, SHIELD NUMBER 28483, POLICE OFFICER GERARD STAPLES, SHIELD NUMBER 24526, POLICE OFFICER ROBERT STAPLETON, SHIELD NUMBER 17814, JOHN DOE NEW YORK CITYPOLICE OFFICER NUMBER ONE, JOHN DOE NEW YORK CITY POLICE OFFICER NUMBER TWO, JOHN DOE NEW YORK CITY

POLICE OFFICER NUMBER THREE, JOHN DOE NEW YORK CITY
POLICE OFFICER NUMBER FOUR, NEW YORK CITY POLICE OFFICER
NUMBER FIVE, while acting in concert, intentionally and recklessly
conducted themselves toward plaintiff in a manner so shocking and
outrageous that it exceeded all reasonable bounds of decency so as to
cause severe emotional distress.

58.    As a direct and proximate result thereof, plaintiff claims damages for the
injuries set forth above.

**COUNT SIX (cause of action against the municipal defendant under
the doctrine of Respondeat Superior)**

59.    Paragraphs 1 through 70 are each repeated, realleged, and reiterated as if
fully set forth herein and are incorporated by reference.

60.    Defendant CITY and THE NEW YORK CITY POLICE DEPARTMENT is
liable for all injuries sustained by plaintiff as alleged in this complaint
starting on or about August 30, 2014, and continuing thereafter, as a result
of the conduct of its agents, servants, and employees, under the doctrine
of respondeat superior.

61.    Defendant CITY and THE NEW YORK CITY POLICE DEPARTMENT, by
its agents, servants, and employees, committed the torts of intentional
infliction of emotional distress, assault and battery.

62.    As a direct and proximate result thereof, plaintiff claims damages for the
injuries set forth above.

˘20˘

**WHEREFORE,** plaintiff demands judgment against defendants, jointly and severally, respectively as to each and every cause of action alleged herein above for compensatory damages on each count; for punitive damages on each count; awarding plaintiff reasonable attorney's fees, costs, and disbursements of this action; and granting such other and further relief as this court deems just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury

Bronx, New York
January 13, 2016

MICHAEL I. BRAVERMAN(2622)
Getz & Braverman
Attorneys for Plaintiff
172 East 161st Street
Bronx, New York 10451
718-993-3000
Getzandbraverman@aol.com