UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

J-QUAN JOHNSON,

                                         Plaintiff,

-against-

THE CITY OF NEW YORK , THE NEW YORK CITY POLICE DEPARTMENT , POLICE OFFICER DWIGHT POWELL, SHIELD NUMBER 9038, SGT. VICENTE PEREZ , SHIELD NUMBER 3 173, POLICE OFFICER EMMANIEL VALERIO, SHIELD NUMBER 20335, POLICE OFFICE STEVE TIRADO, SHIELD NUMBER 22659 , POLICE OFFICER JAMES BURKE , SHIELD NUMBER 28483, POLICE OFFICE GERARD STAPLES , SHIELD NUMBER 24526, POLICE OFFICER ROBERT STAPLETON, SHIELD NUMBER 17814, POLICE OFFICER JOSE JOSEPH , SHIELD NUMBER 14133, JOHN DOE NEW YORK POLICE OFFICER NUMBER ONE, JOHN DOE NEW YORK CITY POLICE OFFICER NUMBER TWO, JOHN DOE NEW YORK CITY POLICE OFFICER NUMBER THREE , JOHN DOE NEW YORK CITY POLICE OFFICER NUMBER FOUR, JOHN DOE NEW YORK CITY POLICE OFFICER NUMBER FIVE, all " JOHN DOE" names being fictitious and representing New York City Police Officers whose actual names remain unknown to plaintiff,

                                           Defendants.

**15 Civ. 6915 (ER)(SN)**

---

## **PROPOSED JOINT PRETRIAL ORDER**

      Having conferred among themselves pursuant to Fed. R. Civ. P 16, the parties in the above-captioned action, through their undersigned counsel, submit the following Proposed Joint Pretrial Order in accordance with the Individual Practices of the Honorable Edgardo Ramos:

i.   **CAPTION:**

**Plaintiffs:**

The caption is set forth above.

**Defendants:**

Defendants object to including dismissed parties in the caption, and request the Court amend the caption accordingly.

ii.  **TRIAL COUNSEL:**

**For Plaintiff\*:**
Caitlin Robin, Esq.
Caitlin Robin and Associates, PLLC
30 Broad Street, Suite 702
New York, NY 10004
Tel: 646-524-6026
Email: Caitlin@robinandassociates.com

**For Defendants\*:**
Elissa Fudim, Esq.
New York City Law Department
Office of the Corporation Counsel
100 Church Street, Rm. 3-169
New York, New York 10007
Tel: (212) 356-2335
efudim@law.nyc.gov

**\*Plaintiff and Defendants reserve the right to add additional trial counsel.**

iii. **JURISDICTION:**

This is a civil action under 42 U.S.C. § 1983. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, because this action arises under the United States Constitution and civil rights laws of the United States. Defendants do not dispute the Court's jurisdiction.

iv. **CLAIMS AND DEFENSES:**

**For Plaintiff:**

-Excessive force claims against Defendants Powell, Staples, Joseph, Burke, and Valerio.
-Failure to intervene claims against Defendants Stapleton and Burke.

**Defenses to be Tried:**

Defendants did not use excessive force against plaintiff or fail to intervene in the use of excessive force against plaintiff, or otherwise violate any rights, privileges or immunities under the Constitution or laws of the United States. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening conduct of non-parties to this lawsuit.

The defendants have not violated any clearly established constitutional or statutory rights of which a reasonable person would have known and therefore are protected by qualified immunity.

Plaintiff failed to mitigate his alleged damages.

**Claims Not to Be Tried:**

Plaintiff's claims for false arrest, municipal liability, all state law claims, and excessive force claims against Officers Perez, Tirado, Burke and Stapleton have been dismissed by the Court at summary judgment, and thus are not to be tried. (The failure to intervene claim against Officers Burke and Stapleton remain.)

v. **JURY TRIAL:**

The parties agree that this case is to be tried to a jury and estimate that the trial will last:

Plaintiff estimates that 5 trial days will be needed.

Defendants estimate that 7 trial days will be needed.

vi. **MAGISTRATE JUDGE:**

The parties do not consent to trial of this case by a Magistrate Judge.

vii. **STIPULATIONS:**

The parties have not reached any stipulations.

viii.  **WITNESSES:**

**Plaintiff intends to offer the following witnesses in his case-in-chief[1]:**

A.  *Plaintiff J-Quan Johnson*

Plaintiff: Will testify as to the circumstances of his assault and battery, injuries, and the resultant damages.

B.  *Defendant Police Officer Dwight Powell*

Plaintiff: Will testify as to the circumstances of Plaintiff's detention and assault.

C.  *Defendant Police Officer Emmanuel Valerio*

Plaintiff: Will testify as to the circumstances of Plaintiff's detention and assault.

D.  *Police Officer Steve Tirado*

Plaintiff: Will testify as to the circumstances of Plaintiff's detention and assault.

E.  *Defendant Police Officer James Burke*

Plaintiff: Will testify as to the circumstances of Plaintiff's detention and assault.

F.  *Defendant Police Officer Gerard Staples*

Plaintiff: Will testify as to the circumstances of Plaintiff's detention and assault.

G.  *Defendant Police Officer Robert Stapleton*

Plaintiff: Will testify as to the circumstances of Plaintiffs detention and assault.

H.  *Defendant Police Officer Jose Joseph*

Plaintiff: Will testify as to the circumstances of Plaintiff's detention and assault.

J.  *Dr. Gabriel Dassa, D.O.*

Plaintiff: Expert Witness will testify as to the physical injuries stemming from the excessive force used during plaintiff's detention.

---

[1] In addition to the witness listed, Plaintiff reserves the right to call any of the witnesses listed by Defendant. Plaintiff further reserves the right to call additional witnesses for purposes of rebuttal and/or impeachment.

### K.     Dr. James Vosseller, M.D.

Plaintiff: Fact Witness will testify as to the physical injuries stemming from the excessive force used during plaintiff's detention and his treatment of the plaintiff.

### L.     Matrice Everett

Plaintiff: Will testify as to the events resulting in Plaintiff's detention and assault as she witnessed them.

### M.     Mashika Patterson

Plaintiff: Will testify as to the events resulting in Plaintiff's detention and assault as she witnessed them.

### N.     Sharon Nash

Plaintiff: Will testify as to the events resulting in Plaintiff's detention and assault as she witnessed them and the care she provided to the plaintiff as a result of the injuries caused by his detention.

### O.     Police Officer Sandy Espinal

Plaintiff: Will testify as to the circumstances of Plaintiffs detention and assault.

### P.     Lawrence Williams , a/k/a Jalil

Plaintiff: Will testify as to the events resulting in Plaintiff's detention and assault as he witnessed them and will testify as a foundation witness for the video of the incident identified as Plaintiff's Exhibit 7, PLA 00088 and PLA 00089.

**Defendants' Objection to Plaintiff's Witnesses:**

Defendants object to plaintiff calling Dr. Vosseller and Mashika Patterson as fact witness in this case as plaintiff never identified either one as a witness in any Rule 26 disclosure or supplemental disclosure, by name or by general description.

**Defendants intend to offer the following witnesses in their case-in-chief:**

1. PO Dwight Powell (def.) – will testify to the circumstances of plaintiff's arrest, the events proceeding and following plaintiff's arrest, being hit by plaintiff, and that he did not use, or see others use, excessive force against plaintiff;

2. Officer Jose Joseph (def.) - will testify the circumstances of plaintiff's arrest, the events proceeding and following plaintiff's arrest, and that he did not use, or see others use, excessive force against plaintiff;

3. PO Emmanuel Valerio (def.) – will testify to the circumstances of plaintiff's arrest, the events proceeding and following plaintiff's arrest, and that he did not use, or see others use, excessive force against plaintiff;

4. PO Gerard Staples (def.) – will testify the circumstances of plaintiff's arrest, the events proceeding and following plaintiff's arrest, and that he did not use, or see others use, excessive force against plaintiff;

5. PO James Burke (def.) – will testify to the circumstances of plaintiff's arrest, the events proceeding and following plaintiff's arrest, and that he did not witness excessive forced used against plaintiff;

6. PO Robert Stapleton (def.) - will testify to the circumstances of plaintiff's arrest, the events proceeding and following plaintiff's arrest, and that he did not witness excessive forced used against plaintiff;

7. PO Andy Espinal – will testify to the circumstances of plaintiff's arrest, the events proceeding and following plaintiff's arrest, including his observation of plaintiff's assault upon PO Powell;

8. PO Steve Tirado – will testify about the events following plaintiff's arrest, including escorting plaintiff to the hospital and plaintiff's statements and behavior on the way to the hospital;

9. PO Shaun Bertin - will testify to his observations of plaintiff's arrest, and that he did not see anyone use excessive force against plaintiff;

10. Sgt. Vincent Perez – will testify to events preceding plaintiff's arrest, including the threat faced by officers at the scene;

11. EMT Nicholas Larocca – will testify to his observations of that portion of the incident that allegedly occurred near the ambulance, about his observations of plaintiff's injuries and plaintiff's complaints and behavior on the way to the hospital;

12. EMT Christopher Ramos - will testify to his observations of that portion of the incident that allegedly occurred near the ambulance, about his observations of plaintiff's injuries and plaintiff's complaints and behavior on the way to the hospital;

13. Dr. Bosselleo – will testify to treatment provided to plaintiff at the hospital, and his observation of plaintiff's injuries;

14. Jacquelyn B. Berman-Dayton – will testify to plaintiff's use of a fake name and social security number to obtain benefits at the hospital and conversations with plaintiff related thereto;

15. Dr. Jeffrey Passick, M.D. – will testify as an expert witness regarding his conclusion that plaintiff suffered a wound dehiscence due to a chronic infection and non-compliance with advised treatment and not a traumatic event.

\* Defendants reserve the right to call any witness listed by plaintiff, and to call additional witnesses for the purpose of rebuttal.

**Plaintiff's Objection to Defendants' Witnesses:**

Plaintiff objects to defendants calling Dr. Bosselleo as a witness as defendants failed to provide a full name or medical specialty in their Rule 26 disclosure or supplemental disclosure.

Plaintiff objects to the testimony Jacqueline B. Berman-Dayton as a witness in any as it constitutes impermissible and palpably improper testimony as to issues of insurance coverage and its prejudicial effect outweighs any probative value. Plaintiff further objects as Defendants failed to delineate this witness by name despite having had an opportunity to supplement their disclosure.

### ix.   DEPOSITION TESTIMONY:

**For Plaintiff:**

Plaintiff intends to introduce the following deposition testimony and/or sworn statements for his case-in-chief:

> A. Civilian Complaint Review Board testimony of Mashika Patterson. Specifically Exhibit 14 Defendant bate stamp 1495-1500.

Plaintiff respectfully reserves the right to utilize any deposition testimony not identified above in any manner authorized by the Federal Rules of Evidence and the Federal Rules of Civil Procedure should it become necessary including, but not limited to, for impeachment.

**Defendants' Objections:**

Defendants object to plaintiff using the CCRB statement of Mashika Patterson, as (i) it is hearsay, (ii) is not a deposition, (iii) Mashika Patterson is not a party to this lawsuit, and (iv)

plaintiff never identified Mashika Patterson – by name or other description – as a witness in a Rule 26 disclosure or supplemental disclosure.

Defendants further object to plaintiff's designations for failure to actually designate any specific testimony by page and line number.

**For Defendants:**

Defendants do not intend to designate any deposition testimony for use in their case in chief, as all witnesses will offer testimony in person.

x.      **EXHIBITS:**

**Plaintiff intends to offer the following exhibits in his case-in-chief:** [2,3,4]

| Exhibit No. | Description | Bates No. | Objection |
|---|---|---|---|
| 1 | New York Presbyterian Hospital Records[5] | A certified copy has been subpoenaed | ** FN[6] |
| 2 | Advance Care, Inc. Records | DEF 4292-4328 | |
| 3 | Coram Home Infusion Records | DEF 4365-4370, 4383 | |

---

[2] Plaintiff reserves the right to use any of the items on defendant's exhibit list.
[3] Plaintiff reserves the right to amend this exhibit list for good cause.
[4] Plaintiff reserves the right to use any other document produced in this case for impeachment purposes.
[5] Plaintiff intends to submit these records redacted for hearsay and for any aliases used. (Defendants reserve their right to object to such redactions upon their designation.)

[6] A certified copy of the NY Presbyterian medical records were produced in discovery as DEF-2138-3335. Plaintiff believes that the certified copy at DEF-2138-3335 may be incomplete, as at least one other non-certified copy produced in discovery appears to contain some additional pages. Plaintiff has subpoenaed a second certified copy. Accordingly, defendants reserve their right to object to any portions of the subpoenaed certified copy which may not have been produced in discovery if such pages materially change the nature of the records.

| | | | |
|---|---|---|---|
| 4 | Visiting Nurse Service of New York Records | DEF 4379-4381, 4386-4388 | |
| 5 | Aetna Records | DEF 4237-4291 | |
| 6 (6a-6f) | 4 Surveillance Videos and 2 Witness Videos | PLA0088- Witness Video taken by Lawrence William of the incident depicting Plaintiff's assault and arrest.<br><br>PLA0089- Witness Video taken by Lawrence William of the incident depicting Plaintiff's assault and arrest.<br><br>PLA0090- Video Surveillance from The exterior of a Parking Garage located on W 164th Street depicting the location and events of the subject incident.<br><br>PLA0091- Video Surveillance from The exterior of a Parking Garage located on W 164th Street depicting the location and events of the subject incident.<br><br>PLA0092- Video Surveillance from The exterior of a Parking Garage located on W 164th Street depicting the location and events of the subject incident.<br><br>PLA0093- Video Surveillance from. The exterior of a Parking Garage located on W 164th Street depicting the location and events of the subject incident. | *7 |

---

[7] Plaintiff has listed six videos. Defendants do not believe that both PLA 88 and PLA 89 were taken by Lawrence William, but do not object to the authenticity of any of the videos. Defendants submit that offering all six videos is cumulative, and that certain of the videos, and portions of the videos, are not relevant and/or contain hearsay that must be audio-redacted.

| | | | |
|---|---|---|---|
| 7 (7a-7f) | Audio Recordings of Defendant Officers' Complaint Review Board Investigation Interviews | PLA0094- Staples<br><br>PLA0095- Valerio<br><br>PLA0096- Burke<br><br>PLA0097-Powell<br><br>PLA0098- Perez<br><br>PLA0099- Tirado | * |
| 8 (8a-8iiii) | Color Photos | PLA 0001-0087 | See FN[8] |
| 9 | Dr. Gabriel Dassa Expert Report | | * |
| 10 | Dr. Gabriel Dassa CV | | * |
| 11 | Dr. J. Turner Vosseller, MD CV | | * |
| 12 | Plaintiff's Expert Disclosure Pursuant to CPLR 26(a)(2)(B) | | * |
| 13 | Social Security Disability Determination and Transmittal | DEF 4059-4233 | * |
| 14 | Civilian Complaint Review Board Investigation Recommendation | DEF 1412-1510 | * |
| 15 | Civilian Complaint Review Board Interview of Officers | DEF 1514-1528 | * |

---

[8] Defendants reserve their right to object to each of these photos individually, because we cannot properly assert objections as to authenticity and admissibility as to this group as a whole, as the photos appear to have been taken at different times, by different people, and contain different subject matter.

| 16 | New York Presbyterian Hospital Billing Record | *Pending- to be provided | *[9] |

**Defendants intend to offer the following exhibits in their case-in-chief[10]:**

| Exhibit No. | Description | Bates No. | Objection |
|---|---|---|---|
| A | Certified NY Presbyterian Medical Records | DEF-2138-3335[11] | * |
| B | Videos of Incident (B1-B6) | PLA 88-93[12] | ** |
| C | Pre-hospital Care Report | DEF-3355-3357 | ** |
| D | Warrant | DEF-4228 | * |

**Plaintiff's Objections to Defendants' Exhibits**

Plaintiff objects to Defendants' use of the warrant pertaining to Plaintiff's administrative code violation of spitting on a sidewalk or street from over two years prior to the incident concerning this action. This violation is punishable by a fine. The non-existent probative value of the warrant is heavily outweighed by the prejudice Plaintiff would suffer if the warrant were put before the jury.

xi. **RELIEF SOUGHT**

Plaintiff is seeking monetary relief for injuries sustained during this incident including bruising and swelling of face and body, re-injuring and aggravation of Plaintiff's prior leg wound, re-rupturing of the left achilles tendon, left achilles tendon wound dehiscence, infection in left achilles tendon requiring numerous debridement and soft tissue coverage, sural nerve based fasciocutaneous flap placement with split thickness skin grafting, reconstruction of left achilles tendon, several surgical procedures to fix. repair and debride left achilles tendon, plastic surgery for left achilles tendon area, scarring to left achilles tendon area, substantial scarring to

---

[9] Defendants have not yet seen this document, and reserve their rights to assert any and all objections, other than authenticity assuming such documents are certified.

[10] Defendants reserve the right to use any document listed as an exhibit by plaintiff, to add additional exhibits for good cause, and to use any document for impeachment purposes.

[11] The copy of plaintiff's medical records produced as DEF-2138-3335 is certified. However, plaintiff has subpoenaed a new copy because plaintiff believes the prior certified copy may be incomplete. Defendants reserve the right to use the new certified copy at trial.

[12] These same videos exist with DEF designations, and defendants reserve the right to use any set at trial.

left arm due to nerve graft, substantial pain, discomfort, fear, embarrassment, humiliation, emotional distress and severe emotional distress, and mental anguish.

The above injuries are accompanied by severe tenderness, swelling, stiffness, discomfort, distress, psychological difficulties, restrictions of motion and with related injuries to the underlying soft tissues, blood vessels, nerves, tendons ligaments and musculature and all of the natural consequences flowing therefrom. Upon information and belief, any and all of the injuries at/or near any body joint will result in traumatic arthritis. Plaintiff also claims any residuals, complications and/or consequences flowing from the same injuries. All injuries are believed to be permanent in nature.

**Itemized Damages:**

Physical injuries and mental anguish from assault damages approximately $3,000,000.00. This damage has been calculated from comparable verdicts.

Medical Invoices totaling approximately $90,000.00. These damages will be computed by the bills for any collateral source that may seek reimbursement.

Damages from lost opportunities for work of approximately $60,000.00. This was calculated from Plaintiff's testimony.

Damages resulting from civil rights violations approximately $450,000.00.

Punitive damages approximately $450,000.00.

Total: Approximately $4.05 million.

**Defendants' Objections:**

Defendants object that plaintiff has failed to specify the "manner and method used to calculate the claimed damages" as provided for by this Court's Individual Rules of Practice.

xii. **VERDICT**

Parties do not consent to a less than unanimous verdict.

**AGREED TO BY THE PARTIES:**

| For Plaintiff: | For Defendants: |
|---|---|
| *[signature]* | *[signature]* |
| Caitlin Robin, Esq. | Elissa Fudim, Esq. |
| Caitlin Robin and Associates, PLLC | New York City Law Department |
| 30 Broad Street, Suite 702 | Office of the Corporation Counsel |
| New York, NY 10004 | 100 Church Street, Rm. 3-169 |
| Tel: 646-524-6026 | New York, New York 10007 |
| Email: Caitlin@robinandassociates.com | Tel: (212) 356-2335 |
| | Email: efudim@law.nyc.gov |

-13-

| | |
|---|---|
| Dated: _____ | Dated: |

**SO ORDERED:**   _____   _____
                   **Edgardo Ramos, U.S.D.J.**              **Date**