# MEMO ENDORSED

See last page.



THE CITY OF NEW YORK

**JAMES E. JOHNSON**
*Corporation Counsel*

**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**ELISSA FUDIM**
*Senior Counsel*
Phone: (212) 356-2335
Fax: (212) 356-3509
efudim@law.nyc.gov

May 27, 2021

**VIA ECF**
Honorable Edgardo Ramos
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

        Re:    J-quan Johnson v. City of New York, et al.
                  15 CV 6915 (ER) (SN)

Your Honor:

      We write to request, pursuant to Rule 62(b), that the Court stay execution of the judgment in this case, and to similarly request that the Court stay the briefing schedule on plaintiff's counsel's motion for attorneys' fees until such time after defendants' post-trial motions have been decided.

      Under Rule 62(b), courts have discretion to stay the execution of a judgment at any time after judgment is entered pending disposition of post-trial motions. See Fed. R. Civ. P. 62(b); Miller v. City of Ithaca, New York, 3:10-cv-597(GLS)(DEP), 2015 U.S. Dist. LEXIS 168614, at *1 (N.D.N.Y. Dec. 17, 2015), aff'd in part, vacated in part, remanded for other reasons, 758 F. App'x 101 (2d Cir. 2018). As the Court is aware, defendants made a Rule 50(a) motion after plaintiff rested his case, and renewed the motion under Rule 50(b) at the close of the case. After the jury returned its verdict, defendants again renewed their request to submit post-trial motions pursuant to Rule 50, and also requested to move under Rule 59, which requests the Court granted. The Court then set a briefing scheduling for defendants' anticipated motions. Because defendants have viable motions for post-trial relief,[1] any execution of the judgment or

---

[1] Defendants will argue, *inter alia*, that the only allegation of excessive force plaintiff made against Officer Joseph was his allegation that Officer Joseph struck him with an asp four times, in quick succession, to his Achilles tendon, causing its rupture. The evidence adduced at trial was such that no reasonable juror could find that Officer Joseph

application for fees would be premature at this juncture. Indeed, should the Court grant any portion of the defendants' motion, plaintiff would likely have to elect between a remittitur and a new trial. Accordingly, the Court should stay execution of the judgment, and similarly delay briefing on plaintiff's counsel's fee motion until after it has decided the post-trial motions. See Ojeda v. Metro. Transp. Auth., 477 F. Supp. 3d 65, 87 (S.D.N.Y. 2020) (staying execution of the judgment pending resolution of post-trial motions); Collado v. Connolly, No. 11-cv-09041 (DC)(HBP), D.E. # 155 (same); Norwood v. Salvatore, No. 12-cv-1025 (MAD)(DEP), 2015 U.S. Dist. LEXIS 183339, at *3 (N.D.N.Y. Oct. 28, 2015) (same); see also Wright v. City, et al., No. 14-cv-6873 (RJD)(RML) (E.D.N.Y.), D.E. dated Jan. 19, 2018 (granting defendants' request to hold entry of judgment in abeyance pending post-trial settlement conference to address attorney's fees and post-trial motions).

For these reasons, defendants respectfully request both a stay of execution of the judgment and of briefing on plaintiff's counsel's fee application.

Finally, although defendants requested thirty days to file their post-trial motions, as defendants will need to first obtain a transcript of certain portions of the trial, we respectfully request defendants' due date for any post-trial motions be extended to July 15, 2021.

Thank you for your consideration.

Respectfully submitted,

/s Elissa Fudim

Elissa Fudim
Senior Counsel

The briefing schedule regarding Plaintiff's motion for attorney's fees and costs is stayed pending resolution of Defendants' post-trial motions. Defendants' post-trial motions are now due July 15, 2021, Plaintiff's opposition is now due August 16, 2021, and Defendants' reply is now due August 30, 2021. The Clerk of Court is respectfully directed to terminate the motion. Doc. 171.

So ordered.

Edgardo Ramos, U.S.D.J
Dated: 6/2/2021
New York, New York

---

made contact with plaintiff's Achilles tendon or ruptured it. Accordingly, any finding against Officer Joseph is simply against the weight of the evidence. Similarly, because no reasonable juror could conclude that plaintiff's Achilles ruptured on August 30, 2014, and because the only visible injury plaintiff sustained other than his allegation of a ruptured Achilles - a scrape to his cheek - he attributed to a non-party, the overall value of the jury's award is unsupported by the evidence, and should be reduced. Indeed, between the experts who testified on behalf of both parties at trial, there was no dispute that the objective evidence of plaintiff's injury could not support a finding that his Achilles tendon had re-ruptured on August 30, 2014. Finally, in light of the lack of objective evidence of injury, the punitive damages awards are grossly excessive.

- 2 -